UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELISABETH LEADER,
1030 Mission Ridge Road
Santa Barbara, CA 93103

Plaintiff,
       v.

CENTRAL INTELLIGENCE AGENCY,
Washington, DC 20505

      Defendant.

Civ. No. 19-CV-1679

## COMPLAINT

## I. INTRODUCTION

1. Plaintiff Elisabeth Leader brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et. seq., by Defendant Central Intelligence Agency (hereinafter "CIA") in failing to provide Plaintiff with all non-exempt records responsive to her January 17, 2017, FOIA request to this Federal agency seeking records concerning her deceased father, John Louis Leader, an employee of the CIA as well as its predecessor agency, the Office of Strategic Services, starting in approximately 1942.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (Federal question).

1

### III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

### IV. PARTIES

4. Plaintiff Elisabeth Leader is a resident of the State of California, County of Santa Barbara and daughter of John Louis Leader.

5. Defendant CIA is a Federal agency of the United States, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

### V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, inter alia, that all Federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires Federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § (a)(6)(A)(I).

8. FOIA also requires Federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). See 5 U.S.C. § 552(a)(6) C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the Federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B). Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS

12. On or about January 17, 2017 Plaintiff sent a FOIA request to the Central Intelligence Agency (CIA) seeking records about her deceased father, John Louis Leader and his service with the CIA and the CIA's predecessor agency, the Office of Strategic Services.

13. On or about January 31, 2017 the CIA sent Plaintiff a letter, informing her that the CIA received her request on January 25, 2017 and that it assigned her record request tracking number F-2017-00749.

14. On or about February 19, 2019 the CIA informed Plaintiff that her request was denied in its entirety and that she had the right to administratively appeal the decision.

15. On or about April 23, 2019 Plaintiff submitted an administrative appeal to the CIA, pointing out the numerous errors made in processing Plaintiff's request.

16. On or about May 16, 2019 the CIA sent Plaintiff's counsel a letter, informing Plaintiff's counsel that the CIA received Plaintiff's administrative appeal on May 6, 2019 and that the CIA assigned the

administrative appeal number F–2017–00749 to her administrative appeal.

17. The CIA has not decided the administrative appeal as of the date of the filing of this action. As of the date of the filing of this action, Plaintiff Elisabeth Leader has still not received any agency decision, or any of the records she requested in her January 17, 2017 request.

## VII. CLAIMS FOR RELIEF

18. Plaintiff alleges paragraphs 1 – 17 as previously set forth herein.

19. Defendant CIA has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for her January 17, 2017 FOIA request.

20. By failing to provide Plaintiff with all non-exempt responsive record to her January 17, 2017 FOIA request as described in paragraph 13 above, Defendant CIA has denied Plaintiff her right to these records and the information contained there as provided by the Freedom of Information Act.

21. Defendant CIA has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's January 17, 2017 FOIA request.

22. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's January 17, 2017 FOIA request, the CIA has denied Plaintiff's right to this information as provided by law pursuant to the Freedom of Information Act.

23. Unless enjoined by this Court, Defendant CIA will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in her FOIA request described in paragraph 12 above.

24. Plaintiff is directly and adversely affected and aggrieved by Defendant CIA's failure to provide responsive records to her January 17, 2017 FOIA request described above.

25. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

26. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff Elisabeth Leader, providing the following relief:

1. Declare Defendant CIA has violated FOIA by failing to provide Plaintiff Elisabeth Leader with all non-exempt records responsive to her January 17, 2019 FOIA request.

2. Declare Defendant CIA has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff Elisabeth Leader's January 17, 2017 FOIA request.

3. Direct by injunction that Defendant CIA perform an adequate search for records responsive to Plaintiff Elisabeth Leader's January 17, 2017 FOIA request, and provide Plaintiff Elisabeth Leader with all non- exempt responsive records to Plaintiff's January 17, 2017 FOIA request.

4. Grant Plaintiff Elisabeth Leader's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.


DATED: This 10th day of June 2019.

Respectfully submitted,

/s/ _____

C. Peter Sorenson
DC Bar No. 438089

SORENSON LAW OFFICE
PO Box 10836
Eugene, Oregon 97440

541-606-9173

petesorenson@gmail.com

**Attorney for Plaintiff**